[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13953
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00299-CAP-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY LENON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 10, 2018)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver in Lenon's plea agreement is GRANTED.  *See United States v. Bushert*,

997 F.2d 1343, 1350-51 (11th Cir. 1993) (sentence-appeal waiver will be enforced

if it was made knowingly and voluntarily); *United States v. Grinard-Henry*, 399

F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error); *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005) (plea agreements are like contracts and should be interpreted in accord with what the parties intended).

The district court specifically questioned Lenon about the sentence-appeal waiver during the plea colloquy, and the colloquy shows that Lenon knowingly and voluntarily waived his right to appeal and that he understood that the waiver would be enforceable against any claim not falling within one of three defined exceptions. The district court explained to Lenon that he was giving up his right to appeal with limited exceptions, and Lenon confirmed that he understood the waiver and the rights that he was forfeiting. The government also summarized the appeal waiver and its three exceptions, and Lenon stated (again) that he understood the agreement. Accordingly, the waiver is enforceable.

Lenon's claim that the district court imposed a substantively unreasonable sentence does not fall within any of the three exceptions because he does not claim that the sentence exceeded the guideline range as calculated by the court, he does not raise a claim of ineffective assistance of counsel, and the government did not appeal first. Nor does his claim implicate any of the arguments that this Court has said may not be waivable. *See United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999); *Bushert*, 997 F.2d at 1350 n.18.

Finally, although Lenon asserts that this Court should not enforce sentence-appeal waivers generally for public policy reasons, that argument is foreclosed by this Court's binding precedent holding that appeal waivers will be enforced if made knowingly and voluntarily.  *See Bushert*, 997 F.2d at 1351.